UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL BRODEUR | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Civil Action No.: |
| | : | |
| LIEUTENANT CHAMPION, individually; | : | |
| CORRECTIONAL OFFICER TERRANOVA, | : | |
| individually; | : | |
| CORRECTIONAL OFFICER GREENE, | : | |
| individually; | : | |
| CORRECTIONAL OFFICER LUCAS, | : | |
| individually; | : | |
| CORRECTIONAL OFFICER PLANTE, | : | |
| individually; | : | |
| CORRECTIONAL OFFICER BRAGDON, | : | |
| individually; | : | |
| CORRECTIONAL OFFICER QUIGLEY, | : | |
| individually; | : | |
| CORRECTIONAL JOHN DOE, | : | |
| individually | : | |
| Defendants. | : | October 16, 2017 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Paul Brodeur ("Plaintiff" or "Mr. Brodeur") alleges against Defendants Lieutenant Champion, Correctional Officer Terranova, Correctional Officer Greene, Correctional Officer Lucas, Correctional Officer Plante, Correctional Officer Bragdon, Correctional Officer Quigley, and Correctional Officer John Doe (collectively, "Defendants") claims of excessive force in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, and assault, battery, and intentional infliction of emotional distress in violation of Connecticut state law. These claims arise from the excessive and unjustified use of force against Mr. Brodeur on November 18, 2014 when he was a prisoner at Corrigan Correctional Institution ("Corrigan CI"),

1

a facility operated by the Connecticut Department of Correction ("DOC").

## JURISDICTION AND VENUE

1.  This case is brought pursuant to 42 U.S.C. § 1983.   Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.   Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

2.  Venue is proper in the District of Connecticut because all of the events or omissions giving rise to Mr. Bardo's claims occurred within the State of Connecticut.   28 U.S.C. § 1391(b)(2).

## THE PARTIES

3.  Plaintiff Paul Brodeur resides in the State of Connecticut.

4.  On November 18, 2014, Defendant Lieutenant Champion ("Defendant Champion") was a supervisory correctional officer employed by the DOC and stationed at Corrigan CI.   As a lieutenant on November 18, 2014, she was responsible for supervising correctional officers in the D-pod housing unit.   At all times relevant to the complaint, Defendant Champion acted under color of state law as an agent of the State of Connecticut.   She is sued in her individual capacity.

5.  On November 18, 2014, Defendant Correctional Officer Terranova ("Defendant Terranova") was a correctional officer employed by the DOC and stationed at Corrigan CI.   At all times relevant to the complaint, Defendant Terranova acted under color of state law as an agent of the State of Connecticut.   He is sued in his individual capacity.

6.  On November 18, 2014, Defendant Correctional Officer Greene ("Defendant Greene") was a correctional officer employed by the DOC and stationed at Corrigan CI.   At all times relevant to the complaint, Defendant Greene acted under color of state law as an agent of

the State of Connecticut.    He is sued in his individual capacity.

7.     On November 18, 2014, Defendant Correctional Officer Lucas ("Defendant Lucas") was a correctional officer employed by the DOC and stationed at Corrigan CI.    At all times relevant to the complaint, Defendant Lucas acted under color of state law as an agent of the State of Connecticut.    He is sued in his individual capacity.

8.     On November 18, 2014, Defendant Correctional Officer Plante ("Defendant Plante") was a correctional officer employed by the DOC and stationed at Corrigan CI.    At all times relevant to the complaint, Defendant Plante acted under color of state law as an agent of the State of Connecticut.    He is sued in his individual capacity.

9.     On November 18, 2014, Defendant Correctional Officer Bragdon ("Defendant Bragdon") was a correctional officer employed by the DOC and stationed at Corrigan CI.    At all times relevant to the complaint, Defendant Bragdon acted under color of state law as an agent of the State of Connecticut.    He is sued in his individual capacity.

10.     On November 18, 2014, Defendant Correctional Officer Quigley ("Defendant Quigley") was a correctional officer employed by the DOC and stationed at Corrigan CI.    At all times relevant to the complaint, Defendant Quigley acted under color of state law as an agent of the State of Connecticut.    He is sued in his individual capacity.

11.     On November 18, 2014, Defendant John Doe ("Defendant Doe") was a correctional officer employed by the DOC and stationed at Corrigan CI.    At all times relevant to the complaint, Defendant Doe acted under color of state law as an agent of the State of Connecticut.    He is sued in his individual capacity.

## FACTUAL BACKGROUND

12.     Mr. Brodeur was housed in the D-pod unit at Corrigan CI on November 18, 2014.

Around midday on November 18, 2014, the facility went on lock down and the water was shut off in the unit.

13. On the afternoon of November 18, 2014, Mr. Brodeur asked the officers on duty to use a bathroom where water was running. Mr. Brodeur wanted to relieve his bowels elsewhere since he was unable to flush the toilet in his cell. The officers denied Brodeur's request.

14. At around 5:30pm that evening, Defendants Greene, Lucas, and Terranova were passing out dinner trays to the prisoners in the D-pod. The water was still shut off. The cell doors were open.

15. When the officers approached Mr. Brodeur's cell, Mr. Brodeur took the trays to pass to his cellmate. He then stepped out of his cell to ask the officers again if he could use a bathroom in an area of the prison that had running water.

16. A verbal exchange between Mr. Brodeur and the officers followed, and Defendant Greene refused the bathroom request. At no time during this verbal exchange did Mr. Brodeur step towards the officers or make any aggressive or threatening movements.

17. Defendant Greene told Mr. Brodeur to put his hands on the wall as he was going to segregation.

18. Mr. Brodeur stepped back into his cell. Defendant Champion sprayed OC-MK-4 (a form of mace) at Mr. Brodeur's face and Defendant Greene pulled Mr. Brodeur out of the cell.

19. Officers brought Mr. Brodeur to the ground on the floor of the unit. Mr. Brodeur was held to the ground by multiple officers including Defendants Terranova, Greene, Lucas, Plante, and Quigley. These officers and others kicked and struck Mr. Brodeur multiple times. Mr. Brodeur's ankle was repeatedly slammed to the ground. As officers were kicking and striking Mr. Brodeur, Defendant Champion emptied the initial can of OC-MK 4 on Mr.

Brodeur's face and sprayed a can of OC-Z305 (another form of mace) on him.   Mr. Brodeur did not cause any injury or threat to the officers as they were kicking and striking him.   Defendants Champion, Terranova, Greene, Lucas, Plante, and Quigley subjected Mr. Brodeur to unnecessary physical force by assaulting, battering, striking, and spraying him.

20. While the officers held Mr. Brodeur to the ground, Defendant Doe grabbed Mr. Brodeur's genitals from behind.

21. After putting handcuffs on Mr. Brodeur, officers pulled him off the ground.   Mr. Brodeur was unable to walk due to injuries on his legs and Defendants Bragdon and Quigley dragged him out of the unit.   As he was being dragged, Mr. Brodeur's head was banged multiple times.

22. Defendants Bragdon and Quigley dragged Mr. Brodeur backwards into the Sally Port area and slammed his head against the wall of the Sally Port.

23. Defendant Champion remained with Mr. Brodeur as Defendants Bragdon and Quigley dragged him from the unit to the Sally Port and was responsible for supervising and controlling the officers' behavior.   Defendant Champion did not prevent Defendants Bragdon and Quigley, and other officers, from subjecting Mr. Brodeur to unnecessary physical force.

24. During the incident, Mr. Brodeur experienced extreme pain and had difficulty breathing.   Mr. Brodeur's mouth was full of blood and mace, which he spit out.

25. Contrary to DOC policy, the handheld camera was not turned on until after officers had moved Mr. Brodeur into the Sally Port.

26. As a result of Defendants' actions, Mr. Brodeur experienced, among other things, various physical injuries, emotional distress including fear, humiliation, embarrassment, stress, anxiety, and depression, and pain and suffering.

5

## FIRST CAUSE OF ACTION

**(Claim under 42 U.S.C. § 1983—Violation of the Eighth Amendment as Applied by the Fourteenth Amendment to the United States Constitution against Defendants Lieutenant Champion, Correctional Officer Terranova, Correctional Officer Green, Correctional Officer Lucas, and Correctional Officer John Doe in their individual capacities)**

27.     Plaintiff incorporates herein Paragraphs 1 through 26 of this Complaint.

28.     The Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, guarantees all citizens the right to be free from cruel and unusual punishment.

29.     The conduct and actions of Defendants Champion, Terranova, Green, Lucas, Plante, Bragdon, Quigley, and Doe in using unnecessary and excessive force against Plaintiff by striking, beating and applying mace to him, as described above, were malicious and sadistic and intended to cause harm; their actions were not undertaken in any good faith effort to maintain or restore discipline.

30.     By reason of the above-described actions, Defendants, in violation of the Eighth Amendment of the United States Constitution, acted to deprive Plaintiff of his right to be free from cruel and unusual punishment by wantonly, unnecessarily, and maliciously using excessive force upon Plaintiff, causing him substantial harm.

31.     Defendants' conduct in using force upon plaintiff for the purpose of causing him harm and injury, and not as part of a good faith effort to maintain order or restore discipline, violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

32.     As a direct and proximate result of the Defendants' violations of the Eighth Amendment, Mr. Brodeur has suffered harm in the form of physical pain and suffering, as well

6

as emotional distress including fear, humiliation, embarrassment, stress, anxiety, and depression.

## SECOND CAUSE OF ACTION

**(Claim of Assault and Battery under Connecticut law against Defendants Lieutenant Champion, Correctional Officer Terranova, Correctional Officer Green, and Correctional Officer Lucas, Correctional Officer John Doe in their individual capacities)**

33. Plaintiff incorporates herein Paragraphs 1 through 32 of this Complaint.

34. Defendants Champion, Terranova, Green, Lucas, Plante, Bragdon, Quigley, and Doe acted intending to cause harmful or offensive contacts with the Plaintiff's body or imminent apprehensions of such contacts.

35. Repeated harmful contacts directly resulted.

36. The application of force was unnecessary, unjustified, and unlawful.

37. Defendants Champion, Terranova, Green, Lucas, Plante, Bragdon, Quigley, and Doe acted intentionally or under circumstances showing a reckless disregard of the consequences of his actions.

## THIRD CAUSE OF ACTION

**(Claim of Intentional Infliction of Emotional Distress under Connecticut law against Defendants Lieutenant Champion, Correctional Officer Terranova, Correctional Officer Green, and Correctional Officer Lucas, Correctional Officer John Doe in their individual capacities)**

38. Plaintiff incorporates herein Paragraphs 1 through 37 of this Complaint

39. Each of the Defendants intended to inflict emotional distress or they knew or should have known that emotional distress was the likely result of their acts and/or omissions.

40. Each of the Defendant's conduct was extreme and outrageous.

41. Each of the Defendants' conduct, alone and in concert, caused Mr. Brodeur distress.

7

42. The emotional distress sustained by Mr. Brodeur was severe.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

1. Compensatory damages;

2. Punitive damages;

3. Costs of suit, including litigation expenses and reasonable attorneys' fees;

4. Such other and further relief as the Court deems just, equitable, and proper.

THE PLAINTIFF

By /s/ Sarah F. Russell

Sarah French Russell
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Ave.
Hamden, CT 06518
(203) 382-3238
(203) 582-3237
CT26604
sarah.russell@quinnipiac.edu

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL BRODEUR | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Civil Action No.: |
| | : | |
| LIEUTENANT CHAMPION, individually; | : | |
| CORRECTIONAL OFFICER TERRANOVA, individually; | : | |
| CORRECTIONAL OFFICER GREEN, individually; | : | |
| CORRECTIONAL OFFICER LUCAS, individually; | : | |
| CORRECTIONAL OFFICER PLANTE, individually; | : | |
| CORRECTIONAL OFFICER BRAGDON, individually; | : | |
| CORRECTIONAL OFFICER QUIGLEY, individually; | : | |
| CORRECTIONAL JOHN DOE, individually | : | |
| Defendants. | : | October 16, 2017 |

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. Rule 38, the plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

THE PLAINTIFF

By /s/ Sarah F. Russell

Sarah French Russell
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Ave.
Hamden, CT 06518
(203) 382-3238

(203) 582-3237
CT26604
sarah.russell@quinnipiac.edu