IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:  
PAUL BRODEUR   :   3:17 CV 1738 (RMS)
:  
v.   :  
:  
LT. ANGEL CHAMPION ET AL.   :   DATE: AUGUST 7, 2019
:  
---------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION *IN LIMINE* (DOC. NO. 41)

The plaintiff, Paul Brodeur, filed this motion *in limine* to preclude the defendants[1] from introducing evidence at trial concerning the plaintiff's criminal convictions and prison disciplinary record. (Doc. No. 41). The plaintiff argues that evidence concerning his disciplinary history at the Department of Correction ["DOC"], including adjudications and punishments resulting from the altercation at issue in this case, and his criminal record, other than the fact that he has been convicted of a felony, is highly prejudicial and must be excluded in order to ensure a fair trial. (Doc. No. 41; *see* Doc. No. 41-1).[2]

---

[1] The plaintiff brought this action against the following defendants: Lieutenant Champion, Correctional Officer Terranova, Correctional Officer Greene, Correctional Officer Lucas, Correctional Officer Plante, Correctional Officer Bragdon, Correctional Officer Quigley, and Correctional Officer John Doe. (Doc. No. 1). The plaintiff never identified or served Correctional Officer John Doe and, on July 16, 2019, the parties agreed to dismissal with prejudice of Correctional Officer Greene, Correctional Officer Lucas and Correctional Officer Quigley. (Doc. No. 40 at 3). Those defendants were dismissed on July 17, 2019.

[2] The plaintiff argues also that six other categories of evidence should be excluded: (1) any evidence of actual or alleged force used by the plaintiff against Correctional staff, or by Correctional staff against the plaintiff, other than the force used during the altercation at issue in this case; (2) any evidence of the plaintiff's prior lawsuits or civil or criminal proceedings; (3) any evidence concerning the fact that the plaintiff sued other defendants who were subsequently dismissed from this case; (4) any evidence concerning complaints or grievances by the plaintiff against any DOC employee at any time; (5) the disciplinary history of Raashid Cox and Matthew Speck, and (6) Raashid Cox's and Matthew Speck's criminal record, criminal history, or the history of altercations, other than the fact that they have been convicted of a felony. (Doc. No. 41). The plaintiff fails to address any of these categories in his brief in support, and the defendants assert that they "do not intend to offer evidence" relating to categories (1)–(5). Accordingly, the Court declines to address categories of evidence (1)–(5) in this Ruling. The defendants, however,

For the reasons detailed below, the plaintiff's Motion *in Limine* (Doc. No. 41) is GRANTED in part and DENIED in part.

I. BACKGROUND

The plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants Lieutenant Champion, Correctional Officer Terranova, Correctional Officer Plante, and Correctional Officer Bragdon, used excessive and unjustified force against him on November 18, 2014 at the Corrigan Correctional Institution, where he was housed as an inmate, in violation of the Eighth Amendment of the United States Constitution. (Doc. No. 1). The plaintiff alleges that he suffered physical injuries, emotional distress including fear, humiliation, embarrassment, stress, anxiety, and depression, and pain and suffering. (*Id.*).

II. DISCUSSION

"A motion *in limine* to preclude evidence calls on the [C]ourt to make a preliminary determination on the admissibility of evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005) (internal quotation marks omitted). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Dougherty v. County of Suffolk*, No. CV 13-6493 (AKT), 2018 WL 1902336, at *1 (E.D.N.Y. Apr. 20, 2018) (internal quotation marks omitted); *Highland Capital Mgmt.*, 379 F. Supp. 2d at 467. "[O]nly when the evidence is clearly inadmissible on all potential grounds should such evidence be excluded on a motion *in limine*." *Dougherty*, 2018 WL 1902336, at *1 (internal quotation marks

---

argue that "evidence concerning the names, dates and sentences" of Cox's and Speck's convictions should be admitted. The Court will address this argument *infra* in Part II.A.

omitted). "A district court's *in limine* ruling 'is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer.'" *Highland Capital Mgmt.*, 379 F. Supp. 2d at 467 (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)); *see Dougherty*, 2018 WL 1902336, at *1.

### A. THE PLAINTIFF'S CONVICTIONS AND RULES 609 AND 403

The plaintiff contends that Fed. R. Evid. 609 bars admission of his criminal history, as "[a]lthough Mr. Brodeur has convictions falling within the ten-year period set forth in Rule 609(a)(1)(A), the convictions should be excluded under Rule 403 because they are not probative of [his] character for truthfulness and their admission would be unduly prejudicial." (Doc. No. 41-1 at 1-2). Specifically, the plaintiff argues that his convictions in May 2013 for third-degree robbery and third-degree burglary, his conviction in September 2014 for third-degree robbery again, and his June 2015 conviction for second-degree assault, should be excluded under Rule 403 because they are not probative of the plaintiff's character for truthfulness, and "there is a substantial risk that the jury will improperly consider the evidence as indicating a likelihood that Mr. Brodeur instigated the incident with the officers." (Doc. No. 41-1 at 3 & n.1). In response, the defendants argue that "the [C]ourt should permit the defendant to offer the 'essential facts' of [the plaintiff's] conviction[s]."[3] (Doc. No. 45 at 7).

Both Rule 609(a)(1) and (a)(2) of the Federal Rules of Evidence "contemplate admitting 'evidence' of a witness's convictions for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005). The first prong of Rule 609 of the Federal Rules of Evidence applies

---

[3] The plaintiff was convicted of criminal mischief in the second degree (CONN. GEN. STAT. § 53a-116) and larceny in the sixth degree (CONN. GEN. STAT. § 53a-125b) on October 14, 2009. There is no evidence that the defendants are seeking to impeach the plaintiff with these misdemeanor convictions and, therefore, evidence of the misdemeanor convictions is not admissible.

3

to "attacking a witness's character for truthfulness" by evidence of a felony conviction, subject to the balancing test set forth in Rule 403 of the Federal Rules of Evidence. FED. R. EVID. 609(a)(1). The court, therefore, may exclude evidence of a felony conviction less than ten years old "if its probative value is substantially outweighed" by, *inter alia,* unfair prejudice. FED. R. EVID. 609(A)(1)(A); FED. R. EVID. 403. Under the second prong of Rule 609, the evidence of the criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." FED. R. EVID. 609(a)(2).

The Second Circuit has explained that, under the second prong of Rule 609(a), "evidence of conviction of a certain type of crime involving 'dishonesty or false statement' must be admitted, with the trial court having no discretion, regardless of the seriousness of the offense or its prejudice to the defendant." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (footnotes omitted). "The use of the second prong of Rule 609(a) is thus restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes.)" *Id.*; *see* FED. R. EVID. 609 Advisory Committee's Note (1974) ("The admission of prior convictions involving dishonesty and false statement is not within the discretion of the court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted."). Convictions for crimes like burglary and robbery, "do not come within this clause." *Id.*; *see United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990) ("[C]rimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2).")

4

Although evidence of the plaintiff's convictions for robbery and burglary do not fall within Rule 609(a)(2), the court must embark on an "individualized balancing analysis under Rule 609(a)(1)[,]" which includes an examination of "the relative probative worth of a witness's specific offenses of conviction, . . . in light of the factors listed under Rule 403[.]" *Estrada*, 430 F.3d at 616–17. When proceeding through the Rule 403 analysis, courts consider the following factors: "(1) the impeachment value of the crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crimes and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo,* 986 F. Supp. 245, 250 (S.D.N.Y. 1997); *see also Ramos v. Trifone*, No. 3:11-CV-679 (SALM), 2015 WL 6509114, at *4 (D. Conn. Oct. 28, 2015).

Robbery in the third-degree under Connecticut law involves the use of physical force in the commission of the crime. CONN. GEN. STAT. § 53a-136. Because "robbery requires the use of force . . ., [it] is a crime of violence, rather than a theft offense[.]" *United States v. Crumble*, 18-CR-32 (ARR), 2018 WL 2016852, at *8 (E.D.N.Y. May 1, 2018). Burglary in the third-degree is when a person "enters or remains unlawfully with intent to commit a crime therein." CONN. GEN. STAT. § 53a-103(a). Additionally, assault in the second-degree involves intentionally causing injury to another person. CONN. GEN. STAT. § 53a-60.

In this case, the plaintiff's claim for excessive force involves acts of violence and bears similarity to the plaintiff's history of convictions for robbery, burglary, and assault. "As a general rule of thumb, crimes of violence and assaultive behavior have limited probative value concerning a witness's credibility." *Dougherty v. Cty of Suffolk*, CV 13-6493 (AKT), 2018 WL 1902336, at *4 (E.D.N.Y. Apr. 20, 2018) (citations and internal quotations omitted). Moreover, the plaintiff is correct that "given the nature of [the plaintiff's] prior felony convictions, there is a great risk

5

that the jury will consider them improperly" as evidence of a propensity towards violent behavior. (Doc. No. 41-1 at 4). Accordingly, the Court concludes that all the details of the plaintiff's convictions are not admissible under Fed. R. Evid. 609(a)(1). In their Joint Trial Memorandum, the parties have stipulated to the following: "At the time of the events giving rise to this lawsuit, Mr. Brodeur was a convicted felon imprisoned at Corrigan Correctional Institution." (Doc. No. 40 at 3). Balancing the factors under Rule 403, the Court will permit the defendants to elicit evidence that the plaintiff has been convicted previously of felony offenses, the dates of those convictions, and the sentences imposed.[4] The specific name of the offense is not admissible, nor are any other details of the convictions.[5]

### B. THE PLAINTIFF'S PRISON DISCIPLINE RECORD

The plaintiff claims that the Court should exclude evidence regarding his prison discipline record under Rule 404(b) because such information is "merely propensity evidence and is not probative of any proper purpose under 404(b)." (Doc. No. 41-1 at 6). Additionally, the plaintiff argues that, even if the evidence could be offered for a proper purpose under Rule 404, it is "plainly inadmissible under Rule 403 because of its prejudicial nature and its likelihood of confusing and misleading the jury." (Doc. No. 41-1 at 6-7). The defendants respond that, although they are not seeking to introduce the plaintiff's full disciplinary history, evidence of the plaintiff's assault of another inmate in August 2014 should be admitted because it "is relevant to Officer Terranova's subjective state of mind as Terranova had been the responding officer to that

---

[4] At the Final Pretrial Conference, the plaintiff indicated that, if the Court granted this motion *in limine* regarding the admissibility of the details of his prior felony convictions, it should allow the admission of the fact that the plaintiff was convicted of a felony offense, and the date and sentence imposed for each of these prior convictions.

[5] At the Final Pretrial Conference, both parties agreed that, if witnesses Cox and Speck testify, the same limited evidence of their convictions would be admissible.

prior assault and was aware of that prior assault during his response to the subject incident." (Doc. No. 45 at 1).

"The general principles of whether character evidence may be admissible and under what circumstances are set forth in Federal Rule of Evidence 404(a) and (b)." *James v. Gilmore*, No. 03-CV-868(Sr.), 2009 WL 435286, at *2 (W.D.N.Y. Feb. 20, 2009). Rule 404(b) "provides that prior act evidence 'is not admissible to prove the character of a person in order to show action in conformity therewith,' but 'may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id.* (quoting FED. R. EVID. 404(b)) (citing *Hynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996)). This evidence is subject then to Rule 403's balancing test.

"Where intent is in issue, evidence of other acts that bear on intent is properly admissible under Rule 404(b)." *Hynes*, 79 F.3d at 290. "For example, in a civil rights suit brought by a prison inmate, where the plaintiff testifies that he struck a corrections officer reflexively and by accident, the trial court may properly admit evidence of the plaintiff's prison disciplinary record of assaults to show the absence of mistake." *Id.* (citing *Young v. Rabideau*, 821 F.2d 373, 376–80 (7th Cir. 1987), *cert. denied*, 484 U.S. 915, 108 S. Ct. 263, 98 L. Ed. 2d 221 (1987)). "In contrast, where there is no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct.'" *Id.* at 290–91 (citing *Lataille v. Ponte*, 754 F.3d 33, 36 (1st Cir. 1985)).

In *Hynes*, the Second Circuit explained that one of the reasons that the trial court erred in admitting the plaintiff's prison disciplinary record was "because [the defendants] did not present

7

evidence that, at the pertinent time, they were aware of [the plaintiff's] disciplinary record." *Id.* at 291. The Court noted specifically that, while opposing the plaintiff's motion *in limine*, the defendants' counsel "stated expressly that he was 'not suggesting that the information should come in because [the defendants] knew about it.'" *Id.*

Here, on the other hand, the defendants argue that Officer Terranova did have knowledge of the plaintiff's August 2014 assault on another inmate, as he was one of the responding officers to that incident. (*See* Doc. No. 45 at 1). The defendants argue further that Officer Terranova responded to the incident at issue in this case with the knowledge of the August 2014 assault, which the defendants maintain is relevant to their argument that Officer Terranova did not act in a wanton manner during the events involving the plaintiff. Accordingly, evidence of the fact that the plaintiff was allegedly involved in a fight with another inmate in August 2014 could be admissible as to Officer Terranova's state of mind during the incident underlying this case. In proffering the admissibility of this evidence at the Final Pretrial Conference, the defendants insist that it would be limited to establishing that Officer Terranova had responded to a fight involving the plaintiff and another inmate in August 2014.

In the Court's view, it is impossible to determine the admissibility of this evidence prior to the start of trial. Although the defendant may be correct that the evidence has some relevance as to the issue of whether Officer Terranova acted in a wanton manner, it is difficult to determine its probative value before hearing the testimony from Officer Terranova. Moreover, the potential for prejudice under Rule 403 is high as the proffered evidence involves the allegation that the plaintiff was involved in a physical altercation with another inmate three months prior to the incident that gave rise to the complaint in this case. For this reason, the Court will deny this

portion of the plaintiff's motion *in limine* without prejudice to renewal at the time of trial, and the defendants shall not elicit any testimony on this issue without first providing the plaintiff an opportunity to renew the arguments he has made in this Motion.

III. <u>CONCLUSION</u>

For the foregoing reasons, the plaintiff's Motion *in Limine* (Doc. No. 41) is GRANTED in part and DENIED in part.

Dated this 7th day of August, 2019, at New Haven, Connecticut.

<u>/s/ *Robert M. Spector*, U.S.M.J</u>
Robert M. Spector
United States Magistrate Judge