IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------x
                                                      :
PAUL BRODEUR                                          :    3:17 CV 1738 (RMS)
                                                      :
                v.                                    :
                                                      :
LT. ANGEL CHAMPION ET AL.                             :    DATE: AUGUST 7, 2019
                                                      :
------------------------------------------------------x
```

RULING ON DEFENDANTS' MOTION *IN LIMINE* (DOC. NO. 47)

The defendants, Lt. Champion, Correctional Officer Terranova, Correctional Officer Plante, and Correctional Officer Bragdon, have moved *in limine* to preclude the plaintiff from introducing the following evidence: (1) evidence related to Lt. Champion's and Officer Bragdon's "interaction and chain of command" during the escort of the plaintiff at issue in this action, and the subsequent Department of Correction ["DOC"] investigation into Officer Bragdon's conduct; (2) evidence that a non-party told the plaintiff "essentially that this incident should never have happened"; and (3) evidence related to whether any of the defendants have been sued previously. (Doc. No. 47 at 1). The defendants seek to preclude admission of these categories of evidence

> on the grounds that they are either irrelevant under [Fed. R. Evid.] 402, constitute unfair prejudice, [Fed. R. Evid.] 403, are inadmissible evidence of a defendant's professed bad character, [Fed. R. Evid.] 404(b), are replete with hearsay, [Fed. R. Evid.] 802, [or] involve a lack of personal knowledge, [Fed. R. Evid.] 602 . . . .

(Doc. No. 47 at 1–2). The plaintiff responds that he "opposes only the first request[,]"[1] because the evidence "is relevant to establish [the] [d]efendants' subjective perspective at the time in

---

[1] The plaintiff opposes preclusion of only part of the first category of evidence. Therefore, there will be no attempt to admit the non-party's statement to the plaintiff about the incident and any evidence of the defendants' prior lawsuits. Moreover, the parties have agreed "to exclude any reference to the DOC investigation of Bragdon's conduct and any discipline or other negative consequences that Bragdon experienced as a result of the incident." (Doc. No.

question and is probative of whether the amount of force used was appropriate in light of the need for force, if any." (Doc. No. 51 at 1, 3).

For the reasons detailed below, the defendants' Motion *in Limine* (Doc. No. 47) is DENIED without prejudice to renewal.

I. BACKGROUND

The plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants used excessive and unjustified force against him on November 18, 2014 at the Corrigan Correctional Institution, where he was housed as an inmate, in violation of the Eighth Amendment of the United States Constitution. (Doc. No. 1). The plaintiff alleges that he suffered physical injuries, emotional distress including fear, humiliation, embarrassment, stress, anxiety, and depression, and pain and suffering. (*Id.*).

II. DISCUSSION

The defendants contend that "evidence concerning the interaction and chain of command between Officer Bragdon and Lieutenant Champion" is "wholly irrelevant to the question of whether any defendant used excessive force." (Doc. No. 47 at 1). The plaintiff "strongly opposes" exclusion of this evidence, as the interaction between Lt. Champion and Officer Bragdon "adds context and detail to the escort, [which is] relevant to [the] [p]laintiff's claim," and "excluding this relevant evidence would prevent [the] [p]laintiff from bringing key facts to the attention of the jury." (Doc. No. 51 at 1, 3). The Court agrees with the plaintiff.

---

51 at 3). Accordingly, any evidence of the DOC investigation into Officer Bragdon's conduct during the incident at issue will not be proffered for admission. As a result, this Ruling will address only whether the plaintiff can introduce evidence of the "interaction and chain of command" between Lt. Champion and Officer Bragdon during the events at issue.

"A motion *in limine* to preclude evidence calls on the [C]ourt to make a preliminary determination on the admissibility of evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005) (internal quotation marks omitted). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Dougherty v. County of Suffolk*, No. CV 13-6493 (AKT), 2018 WL 1902336, at *1 (E.D.N.Y. Apr. 20, 2018) (internal quotation marks omitted); *Highland Capital Mgmt.*, 379 F. Supp. 2d at 467. "[O]nly when the evidence is clearly inadmissible on all potential grounds should such evidence be excluded on a motion *in limine*." *Dougherty*, 2018 WL 1902336, at *1 (internal quotation marks omitted). "A district court's *in limine* ruling 'is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer.'" *Highland Capital Mgmt.*, 379 F. Supp. 2d at 467 (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)); *see Dougherty*, 2018 WL 1902336, at *1.

It is well-established that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevant evidence is admissible unless any of the following provide otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." FED. R. EVID. 402. "Irrelevant evidence is not admissible." *Id.*

Here, the defendants do not explain what they seek to preclude specifically when they argue that the Court should preclude the admission of "evidence concerning the interaction and chain of command between Officer Bragdon and Lieutenant Champion." (Doc. No. 47 at 1). The

3

plaintiff, however, sheds some light on what exactly this evidence includes. In his opposition, the plaintiff explains that this evidence includes "evidence that [Lieutenant] Champion directed [Officer] Bragdon to 'slow the pace' of the escort; that [Lieutenant Champion] directed that a wheelchair be offered to Mr. Brodeur . . .; and that [Officer] Bragdon refused the wheelchair (stating 'he will walk!')[.]" (Doc. No. 51 at 2). At the Final Pretrial Conference, the plaintiff reiterated that the evidence at issue related to statements made between Lt. Champion and Officer Bragdon during the transport that is at the heart of the plaintiff's claims in this case.

The Court agrees with the plaintiff that evidence of this interaction has at least some probative value as to whether Officer Bragdon subjected the plaintiff to an unnecessary and wanton infliction of pain. Moreover, it is difficult to understand at this juncture what possible unfair prejudice could result from the admission of this evidence. Accordingly, the Court denies the defendant's Motion to preclude admission of evidence of statements made between Officer Bragdon and Lt. Champion during the plaintiff's transport from his cell. This Ruling is without prejudice should the defendants raise the objection again at the time the evidence is offered at trial, when it may be more apparent what possible unfair prejudice could result from its admission.

III.     CONCLUSION

For the foregoing reasons, the defendant's Motion *in Limine* (Doc. No. 47) is DENIED without prejudice to renewal.

Dated this 7th day of August, 2019, at New Haven, Connecticut.

/s/ *Robert M. Spector*, U.S.M.J
Robert M. Spector
United States Magistrate Judge