IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------x
                                  :

PAUL BRODEUR                    :        3:17-CV-01738 (RMS)
                                  :

v.                               :

                                  :

LT. ANGEL CHAMPION, ET AL.    :        DATE: AUGUST 23, 2019
                                  :
----------------------------------------------------------x

## JURY INSTRUCTIONS

1



COURT'S EXHIBIT
full
17cv1738

INTRODUCTION........................................................................................................................3

PART 1: GENERAL INSTRUCTIONS ......................................................................................3

    A.    ROLE OF THE COURT ..................................................................................................4

    B.    INSTRUCTIONS TO BE CONSIDERED AS A WHOLE.............................................4

    C.    BOTH SIDES ENTITLED TO A FULL AND FAIR HEARING..................................5

    D.    OBJECTIONS AND RULINGS ......................................................................................5

    E.    DUTIES OF THE JURY ..................................................................................................7

    F.    "PROVE," "FIND," AND "ESTABLISH"........................................................................8

    G.    BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE ..............................8

    H.    MULTIPLE DEFENDANTS ...........................................................................................9

    I.    FORMS OF EVIDENCE ...............................................................................................10

    J.    WHAT IS NOT EVIDENCE ........................................................................................11

    K.    DIRECT & CIRCUMSTANTIAL EVIDENCE ...........................................................12

    L.    INFERENCE DEFINED ...............................................................................................13

    M.    WITNESS CREDIBILITY – GENERAL .....................................................................13

    N.    TESTIMONY OF A CORRECTIONAL OFFICER .....................................................14

    O.    IMPEACHMENT OF WITNESSES ............................................................................15

    P.    UNCONTRADICTED TESTIMONY ..........................................................................16

PART II: THE ISSUES AND CLAIMS IN THIS CASE ..........................................................16

    A.    ELEMENTS OF A CLAIM UNDER SECTION 1983 .................................................16

        1.    FIRST ELEMENT: ACTION UNDER COLOR OF STATE LAW .......................18

        2.    SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT .......18

        3.    THIRD ELEMENT: PROXIMATE CAUSATION ................................................20

    B.    ELEMENTS OF STATE LAW CLAIMS: ASSAULT AND BATTERY ....................21

PART III: DAMAGES...............................................................................................................22

    A.    GENERAL INSTRUCTIONS ON DAMAGES...........................................................22

    B.    COMPENSATORY DAMAGES .................................................................................24

    C.    NOMINAL DAMAGES ...............................................................................................26

    D.    PUNITIVE DAMAGES ...............................................................................................27

PART IV: FINAL INSTRUCTIONS.........................................................................................29

    A.    NOTE TAKING ...........................................................................................................29

    B.    UNANIMOUS VERDICT ............................................................................................29

    C.    FOREPERSON .............................................................................................................30

    D.    VERDICT FORM..........................................................................................................31

    E.    FINAL INSTRUCTIONS.............................................................................................32

INTRODUCTION

Members of the jury, you have now heard all of the evidence in this case and each sides' closing arguments.   I shall now instruct you concerning the law applicable to the case. You will then return to the jury room to deliberate in accordance with these instructions. Before I give you these instructions, however, I want to express my thanks to you for the time and energy you have devoted to this trial.   Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully and pay close attention.   You have been provided with a copy of my instructions so that you can read along as we go.

My instructions will be in two parts: first, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific elements that you must find based on the evidence at trial.

Before we begin, I ask you to look over the other document that was placed on your seats – namely, the Verdict Form, with regard to the claims in this case.   After I have given these instructions, you will go back into the jury room to deliberate.   You will have with you the following: the original Verdict Form (all of your individual copies will be collected before you deliberate), the original exhibits, your individual copies of these instructions and any personal notes that you may have taken.   At the conclusion of your deliberations, you will use the Verdict Form to report your verdict to the Court and the parties.

PART 1: GENERAL INSTRUCTIONS

A. ROLE OF THE COURT

As judge, I perform basically two functions during the trial.   First, I decide what evidence you may consider.   You have heard me doing that throughout the trial.   Second, I instruct you on the law that you are to apply to the facts in this case.   I gave you some preliminary instructions before trial began, but it is now—at the close of evidence—that the final instructions governing your deliberations are given, so please be patient and listen closely.   I believe that everything I am going to tell you is consistent with the preliminary instructions that I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions.   The instructions I am now giving you must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them.   You must take the law as I give it to you, and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.   Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

B. INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

I may repeat certain parts of these instructions.   That does not mean that those parts should be emphasized.   You should not single out any one part of my instructions and ignore the rest.   Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

The order in which I give you instructions does not indicate their relative importance.

Do not read into these instructions, or into anything I have said or done, as any suggestion from me about what verdict you should return – that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, <u>you must follow what I say here in court</u>.

### C.   BOTH SIDES ENTITLED TO A FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims, both parties in this case are entitled to a full and fair hearing.  The parties are entitled to a trial free from prejudice or bias.  Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right. In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party.   All persons stand equal before the law and are to be dealt with as equals in a court of justice, regardless of who they are.   You must not be swayed by your personal opinions about any of the issues raised in this trial.   You should not be swayed by sympathy.   You should be guided solely by the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict.   If you let your sympathy for one side or another interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

### D.   OBJECTIONS AND RULINGS

Our courts operate under an adversary system in which we believe that the truth will

emerge through the competing presentations of adverse parties.   It is the role of the attorneys to press as hard as they can for their respective positions.   In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.   You should not show any prejudice against an attorney or his or her client because the attorney objected to the admission of evidence or the phrasing of a question, or asked the Court to rule on an objection or the propriety of a question.   The application of the rules of evidence is not always clear, and lawyers often disagree about them.   It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.   You are not to concern yourself with why a lawyer made an objection or why I ruled on it in the manner that I did.   You should draw no inference from the fact that a lawyer objected to evidence.   Nor should you draw any inference from the fact that I might have sustained or overruled an objection.   My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question.   If I have stricken or told you to disregard an answer, you must not rely on that answer because it is not evidence.   If I have given you a limiting instruction that certain evidence was to be considered by you for a limited purpose only, then you must follow that limiting instruction and use the evidence only for the limited purpose for which it was admitted.

6

One further note about attorneys: During the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys.   But it is important for you as jurors to recognize that this is not a contest between attorneys.   Whatever you may think about the conduct of the lawyers during this trial, you must remember that this dispute is about the parties, not the lawyers, and you must decide this case solely on the basis of the evidence.   Remember, statements and characterizations of the evidence by the attorneys are not evidence.   Insofar as you find their closing arguments to be helpful, take advantage of them, but it is your memory and your evaluation of the evidence and my instructions on the law that count in this case.

E.  DUTIES OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts.   You pass upon the evidence.   You determine the credibility of witnesses.   You resolve any conflicts that may exist in the testimony.   You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.   No one may invade your province or function as jurors.   Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be.   The rulings I have made during the trial are not any indication of a view of what your decision should be or which party should prevail in this case, because I have no view on those matters.

In order for you to determine the facts, you must rely upon your own recollection of the evidence.   In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you.   Regardless of any

opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you.

The verdict you reach must be unanimous; that is, agreed upon by each of you.   Each of you must decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

### F.   "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the Plaintiff must do in order to establish the liability of the Defendants.   My use of the word "prove" means "prove by the preponderance of the evidence," even if I do not always repeat those words.   Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the preponderance of the evidence, even if I simply use the word "find."   Likewise, I will speak of the parties "establishing" various facts.   Even if I simply use the word "establish," you must find that fact has been established by the preponderance of the evidence.

### G.   BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the Plaintiff has the burden of proving every disputed element of his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, the Plaintiff must prove that the fact is more likely true than not true.   In other words, if you find that the credible evidence on a given issue either favors the Defendant or is evenly divided between the Plaintiff and the Defendant, then you must decide that issue for the Defendant.   However,

if the Plaintiff proves that a fact is more likely true than not, even if only slightly more true than not, then you are to find that he has proven the fact by a preponderance of the evidence.

It might be helpful to visualize a pair of balanced scales.   Imagine that you put on one scale the evidence you find credible, relevant and supportive of the Plaintiff on a particular issue on which he bears the burden of proof, and place on the other scale the evidence you find credible, relevant and supportive of the Defendant.   If the scales tip in favor of the Defendant on that issue, even a little bit, or if the scales are evenly balanced, the Plaintiff has not sustained his burden of proof on the issue.   But if the scales tip in favor of the Plaintiff on that issue, even a little bit, then on that issue he will have sustained his burden of proof.   In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them.   A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.   That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

H.  MULTIPLE DEFENDANTS

There are three Defendants in this action and although the claims against each are being tried in one case for the convenience of everyone, you must remember that each Defendant is being sued individually and is responsible only for his or her own acts.

The Plaintiff alleges various acts or omissions with regard to each of the Defendants.

The Plaintiff has the burden of proving by a preponderance of the evidence with regard to each Defendant that the individual Defendant against whom these acts or omissions are alleged did in fact engage in such conduct and that these acts or failures to act violated the Plaintiff's rights, and were the proximate cause of the Plaintiff's injury.

Each of the Defendants were employed within the Connecticut Department of Correction at all times referenced in the Complaint. Defendant Champion was a Lieutenant and Defendants Terranova and Plante were Correctional Officers at the Corrigan-Radgowski Correctional Center.

Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.   A supervisor cannot be held liable solely for the acts of a subordinate. The Plaintiff has the burden of proving the personal participation of each defendant.

You must therefore consider the Plaintiff's allegations against each of the Defendants and decide whether the Plaintiff has proven that that individual Defendant has committed the acts or omissions which the Plaintiff has alleged and that this was the proximate cause of the plaintiff's injury.   I will explain the phrase "proximate cause" in a few minutes.

I.   FORMS OF EVIDENCE

Next, I want to discuss with you generally what we mean by evidence and how you should consider it.   The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.   All of

the exhibits that have been admitted into evidence will be with you in the jury room.   If an exhibit has been admitted into evidence, it is evidence that can be considered by you regardless of whether any witness referred to the exhibit or testified about it during the trial.

Third, there are any facts to which the lawyers will have agreed or stipulated, or that I have directed you to find, for example, by taking "judicial notice" of a fact.

## J.   WHAT IS NOT EVIDENCE

It is the witnesses' answers, and not the lawyers' questions, that are evidence.   At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.   If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because the assumed fact was contained in the lawyer's question.   Testimony that I have ordered stricken, testimony that I have instructed you to disregard, and testimony that I have excluded are not evidence and may not be considered by you in rendering your verdict.

What the lawyers say in their opening statements and closing arguments, in their comments, objections and even in their questions is not evidence.   What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence, and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.

It is for you, and you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

K.  DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence.  Direct evidence includes a witness' testimony about something the witness knows by virtue of his or her own senses – something he or she has seen, felt, touched, or heard.  For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Also assume that as you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had been raining.

That is all there is to circumstantial evidence.  On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict be based on a preponderance of all of the evidence presented.

12

L.  INFERENCE DEFINED

During the trial you may have heard the attorneys use the term "inference," and in their arguments, they may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.  An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proven by direct or circumstantial evidence.  One party may ask you to draw one set of inferences, while the other party asks you to draw another.  It is for you, and you alone, to decide which inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense. The mere process of drawing an inference from the evidence does not change the burden of proof, which remains with the Plaintiff throughout the case.  Finally, you may not draw any inferences from the mere fact that the Plaintiff filed this lawsuit or that the Defendant has chosen to defend it.

M. WITNESS CREDIBILITY – GENERAL

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine truthfulness?   You base it on what you have seen and heard. You watched the witness testify.   Everything a witness said or did on the witness stand counts in your determination.   How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something?   How did the witness appear; what was his or her demeanor – that is, his or her behavior, manner, and appearance while testifying?   Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives.   You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.   You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified; the accuracy of the witness' memory; the witness' candor or lack of candor and intelligence; the reasonableness and probability of the witness' testimony; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing any witness' testimony you should use your common sense, your good judgment, and your own life experience.

N. TESTIMONY OF A CORRECTIONAL OFFICER

The testimony of a correctional officer or governmental employee is entitled to no

special or exclusive sanctity.   An officer or governmental employee who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of correctional officers, you should not believe or disbelieve them merely because they are employed as correctional officers.   Therefore, you should recall their demeanor on the stand, their manner of testifying, and the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness.   People employed by the government, including correctional officers, do not stand in any higher or lower station in the community than other persons, and their testimony is not entitled to any greater or lesser weight.

O.  IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by felony convictions, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony.   It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness testimony.   Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

You have heard from the testimony of Mr. Brodeur, Rashid Cox, and Matthew Speck that each were previously convicted of a felony.   This evidence was only for you to consider in evaluating their credibility as witnesses and not for any other reason.   The fact that the

plaintiff was a prisoner at the time of the alleged violation and had previously been convicted of a felony has absolutely no bearing either on his constitutional right to be free from cruel and unusual punishment or on his right to recover damages if you find, based on the evidence presented in this trial, that the plaintiff's rights have been violated.   Hence, you should evaluate Mr. Brodeur's, Mr. Cox's, and Mr. Speck's credibility in the same way that you would evaluate the credibility of any witness, and you may consider the fact that these witnesses are convicted felons only in deciding how much of their testimony to accept and what weight, if any, it should be given.

P.  UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.   You may decide, because of the witness' manner and demeanor or because of the improbability of his or her testimony or for other reasons, that the witness' testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

PART II: THE ISSUES AND CLAIMS IN THIS CASE

A. ELEMENTS OF A CLAIM UNDER SECTION 1983

The Plaintiff in this case, Paul Brodeur, claims that the Defendants, Angel Champion, Henry Plante, and Santo Terranova used excessive physical force against him during an incident that occurred on November 18, 2014, while Mr. Brodeur was incarcerated at the Corrigan-Radgowski Correctional Center.   Mr. Brodeur claims that the defendants' use of

16

excessive force violated his Eighth Amendment right to be free from cruel and unusual

punishment and constituted an assault and battery under Connecticut law.   The Defendants

deny that they deprived Mr. Brodeur of his rights under the Eighth Amendment and deny

that they committed a State law assault and battery. There has been evidence of the

conditions of the plaintiff's cell on November 18, 2014.   I must advise that there is no claim

of unconstitutional conditions of confinement in this case and you may not award damages

for those conditions or find liability based upon those conditions.

Mr. Brodeur's claim arises under Title 42 United States Code, Section 1983.   This

law permits a person to seek money damages against anyone who—under the color of state

law—deprives that person of rights protected by the Constitution or laws of the United

States.   Specifically, § 1983 states:

> Every person who, under color of [state law] subjects or causes to be
>
> subjected, any citizen of the United States .   .   .   to the deprivation of any
>
> rights, privileges, or immunities secured by the [United States] Constitution
>
> and [federal] laws, shall be liable to the party injured in an action at law .   .
>
> .   .

Section 1983 by itself does not establish or create any federally protected right.   Rather, it

is the statute that allows Mr. Brodeur to enforce rights guaranteed to him by the United States

Constitution.   Later in these instructions, I will explain to you what these federal

constitutional rights are and what the plaintiff must demonstrate to prove a violation of these

rights.

In order to prevail on a claim against the Defendants under section 1983, Mr. Brodeur

must establish, by a preponderance of the evidence, three elements:

        (1)     that the Defendants acted under color of state law;

        (2)     that the Defendants' acts operated to deprive Mr.  Brodeur of rights protected by the Constitution; and

        (3)     that such deprivation was the proximate or legal cause of the injuries to Mr. Brodeur.

The Plaintiff cannot recover any damages unless he established, by a preponderance of the evidence, *each* of these three elements.

## 1. FIRST ELEMENT: ACTION UNDER COLOR OF STATE LAW

With respect to the first element—whether the defendants were acting under the color of state law—the parties in this case agree that each of the Defendants, as correctional officers, were acting under color of state law during the events at issue.  Therefore, this element is not in dispute so I instruct you that you must find this element proved.

## 2. SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

To establish the second element of his federal law claims, the plaintiff must show that the defendants deprived him of a federal right.  The plaintiff in this case claims that he was deprived of his federal constitutional right to be free from the unnecessary and excessive use of physical force, in violation of his rights under the Eighth Amendment to the Constitution.  The Eighth Amendment to the Constitution protects prison inmates such as Mr. Brodeur from the unnecessary and wanton infliction of pain at the hand of prison officials.  To demonstrate that a defendant violated his Eighth Amendment rights, Mr. Brodeur must satisfy two components: and objective component and a subjective

18

component.   I will explain each of these concepts.

a.   OBJECTIVE COMPONENT

To satisfy the objective component, the plaintiff must prove that the use of force was sufficiently serious by objective standards.   This objective component is context specific and a minimal or insignificant use of force will rarely be sufficiently serious.   In other words, not every push or shove, even if it may later seem unnecessary with the benefit of hindsight, violates a prisoner's constitutional rights.   At the same time, this does not mean that the injury suffered by Mr. Brodeur needs to be of a particular severity.   The use of excessive physical force against a prisoner may constitute cruel and unusual punishment even when the inmate does not suffer serious injury.

b.   SUBJECTIVE COMPONENT – UNREASONABLE OR EXCESSIVE FORCE

To meet the subjective requirement, the plaintiff must prove that at least one of the defendants had a wanton state of mind in the course of using force on Mr. Brodeur. Wantonness turns upon whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm.   An act or failure to act is malicious if it is motivated by ill will towards the injured person.   An act of failure to act is wanton if it is done in a reckless or callous disregard of, or with deliberate indifference to, the rights of the injured person, here the right to be free from cruel and unusual punishment.   To determine whether the force used on Mr. Bordeur was applied in a good-faith effort to maintain or restore discipline, or rather maliciously and sadistically to cause him harm, you should consider: the extent of the injury suffered by Mr. Brodeur; the need for the application of force, if any; the relationship between that need and the amount of

19

force used; the threat reasonably perceived by the defendants; any efforts made to temper the severity of a forceful response; and whether the force was applied for any improper reason other than imposing or restoring discipline.

### 3.   THIRD ELEMENT: PROXIMATE CAUSATION

The third element that the plaintiff must prove is that the conduct of one or more of the defendants was a proximate cause of the plaintiff's injuries.   An act is a proximate cause if it is a substantial factor in bringing about the plaintiff's injury.   You must determine whether one or more of the injuries suffered by the plaintiff were reasonably foreseeable consequences of a defendant's conduct.   An injury that is a direct result, or a reasonably probable consequence of a defendant's conduct, was proximately caused by that conduct. In other words, if a defendant's actions had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.

A proximate cause needs not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.   Each of these factors may be a proximate cause of the injury.

If you find that the plaintiff has proven all three of these elements by a preponderance of the evidence with respect to a particular defendant, whom you are considering separately, you should find that defendant liable.   If you find that the plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, you should

20

find that defendant not liable and return a verdict for him.   Remember, that the case as to each of these individual defendants must be considered separately by you.   The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

B.   <u>ELEMENTS OF STATE LAW CLAIMS: ASSAULT AND BATTERY</u>

In addition to the constitutional claims raised in the Complaint, the plaintiff has also raised claims under Connecticut state law for assault and battery.   When considering these State law claims, you are bound to apply the law of the State of Connecticut.   I will now instruct you regarding the elements of the plaintiff's State law claims.

An assault is defined as the intentional causing of imminent apprehension of harmful or offensive contact with another.   A battery is defined as a harmful or offensive contact with the person of another.   An offensive contact is one that offends a reasonable sense of personal dignity.   The contact must be the direct and immediate consequence of a force exerted by the defendant intentionally or wantonly.   An intentional act is one where the injury results from an act done for the purpose of causing the injury or with knowledge that the injury is substantially certain to follow.   A wanton act, which is the equivalent of a reckless act, occurs when the defendant does not intend to cause the harm which results from the defendant's act, but rather that the defendant realizes or should realize that there is a strong probability that such harm may result.   It is not essential that the precise injury inflicted be the one intended.

Placing a person in imminent apprehension of harmful contact and making such contact in a prison setting is lawful if done to maintain order and discipline and justifies what

21

would, under different circumstances, be actionable assault and battery.   State law and Department of Correction guidance authorize correction officers to immediately use force and/or apply restraints when an inmate's behavior constitutes and immediate threat to self, others, property, order, or the safety and security of the facility.   The physical force used must be reasonably related to the degree and duration necessary to achieve its authorized objective.

<u>PART III: DAMAGES</u>

It is exclusively your function to decide upon liability.   I am instructing you on the law of damages so that, if you decide that the Plaintiff is entitled to recover against any of the Defendants, you will have guidance as to how you should proceed to determine damages.

A.    GENERAL INSTRUCTIONS ON DAMAGES

If Mr. Brodeur fails to prove the elements of his claims against the Defendants, then the Defendants have prevailed on the issue of liability and you should not consider the issue of damages.   Only if Mr. Brodeur has proven, by a preponderance of the evidence, that any of the Defendants are liable should you address the issue of damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations.   Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that Mr. Brodeur has established his claim.

In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law.   The burden is on

Mr. Brodeur to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses he suffered as a result of the acts of the Defendants.   It is not the Defendants' burden to disprove the claimed losses.

When monetary damages are sought in a lawsuit brought under section 1983, the burden is on the Plaintiff to prove that each Defendant against whom money damages are sought was personally involved in or responsible for the alleged violation of the Plaintiff's constitutional rights.

If you find under the previous instruction that one or more of the Defendants are liable to pay for damages, you must say which of the Defendants is so liable and you must state what are the just damages that you have determined.

This case involves multiple defendants.   Therefore, you must be careful to impose any damages that you may award only against the defendant or defendants that the plaintiff has proved liable.   The fact that the plaintiff proves that one defendant is liable does not necessarily mean that another defendant is liable as well.   Each defendant is entitled to a separate and individual consideration of his or her liability without regard to your decision on any other defendant.   If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant.   This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct.   The law calls this apportionment.

It is not always possible to apportion damages to a particular defendant's conduct. The plaintiff, however, may be able to prove that more than one defendant is liable for a

particular injury.  If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights.  The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable.  So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages.  If he proves that two or more of the defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.  Each defendant would then be liable for the overall damages.  The plaintiff, however, would be able to recover only once for his injuries, as the law does not allow for double recoveries.

In this regard, you should keep in mind that although all of the Defendants are officers or employees of the State of Connecticut, they are being sued in their individual capacities and could be exposed to payment of any damages which you award in their individual capacities.

Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages.  You should understand that what a lawyer says about the amount of damages is not evidence but only argument.   The determination of the amount to be awarded, if any, is solely your function and in your deliberations; you may accept or disregard counsel's argument on the amount of damages.

I will now explain the categories of damages being claimed by Mr. Brodeur in this case.

B.    COMPENSATORY DAMAGES

24

The purpose of compensatory damages is to compensate Mr. Brodeur for the damages inflicted on him by any violations of the law that he has proven.   Compensatory damages are limited to restoring a plaintiff, as far as money can, to the position he would have been in had the harm not occurred.   They are not awarded to punish a defendant for his unlawful actions.

Our laws impose certain rules to govern the award of compensatory damages in any case where liability is proven.   Just as the plaintiff has the burden of proving liability by a preponderance of the evidence, he has the burden of proving his entitlement to recover damages by a preponderance of the evidence.   To that end, the plaintiff must prove both the nature and extent of the loss or injury for which he seeks to recover damages and that the loss or injury in question was proximately caused by a defendant's misconduct.

In this case, there is only one type of compensatory damages that is sought, non-economic damages.   Mr. Brodeur is seeking to recover non-economic damages, which are compensation for all non-pecuniary losses, including physical, mental, and emotional harm. This may include pain and suffering, humiliation, embarrassment, fear, anxiety, and/or anguish.   If you find that it is reasonably probable that the plaintiff has suffered permanent physical, mental, or emotional harm, he is also entitled to be compensated for those categories of injuries.   Your award should be in accordance with the nature and extent of such injuries and the length of time he is reasonably expected to endure their negative consequences.

Please note that, with respect to Mr. Brodeur's Eighth Amendment claim, you may award compensatory damages for mental and emotional harm only if you first find that Mr.

Brodeur has suffered a physical injury that is more than de minimis, that is, so minor as to warrant being disregarded.   A physical injury is an injury or harm to the body.   You may not award any compensatory damages to Mr. Brodeur if you find that he has proven only mental or emotional harm. This physical injury requirement does not apply with respect to Mr. Brodeur's state law assault and battery claim.

Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.   You should award damages to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.   The damages you award should be proportional to the actual loss sustained.   This is not a requirement of mathematical precision and you are permitted to determine the amount of damages by estimation or approximation, as long as Mr. Brodeur provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation.   You should be guided by dispassionate common sense.

C.    NOMINAL DAMAGES

If you find that any of the Defendants violated Mr. Brodeur's constitutional rights, but you do not find that he suffered actual injury or loss as a result, then Mr. Brodeur is entitled to "nominal damages" for that loss.   Nominal damages may not be awarded for more than a token sum, typically $1. 00.   You may not award both compensatory and nominal damages for the same claim.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation.   Therefore, if you find that Mr. Brodeur has

suffered no damages as a result of the conduct of any of the Defendants, other than the fact of a constitutional deprivation, then you must award nominal damages.

D.    PUNITIVE DAMAGES

If you have awarded the plaintiff either compensatory or nominal damages against one or more of the defendants, the law permits you to also award the plaintiff punitive damages in order to punish the wrongdoer and serve as an example or warning to others not to engage in such conduct.   You do not need to find a pattern of wrongdoing or multiple violations in order to assess punitive damages; a single act—even a single hit or punch— that is sufficiently egregious will suffice.

An award of punitive damages is discretionary.   In making the decision whether to award punitive damages against the Defendants, you should consider the underlying purposes of punitive damages.   The purposes are to punish the Defendants for their conduct and to set an example in order to deter other similarly situated persons from committing similar acts in the future.   Punitive damages are intended to protect the community and to express the jury's indignation at the misconduct.   The law does not require you to award punitive damages.   It should be presumed that a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded against a defendant only if that defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You may award punitive damages against the Defendants with respect to Mr. Brodeur's claims under § 1983 if you find that the Defendants engaged in any of the following conduct:

27

      a.      Willful, malicious, or oppressive violation of Mr. Brodeur's constitutional rights; or

      b.      An intentional act in gross disregard of Mr. Brodeur's constitutional rights; or

      c.      Reckless disregard or callous indifference as to whether the Defendants were violating Mr. Brodeur's constitutional rights.

An act is willfully done if done voluntarily and intentionally and with specific intent to commit such an act.   An act is malicious if it is prompted by or accompanied by ill will, spite, or other improper motive.   An act is oppressive if it is done in such a way as to injure or otherwise violate the rights of another with unnecessary harshness or severity.   An act is reckless when it is done in such a manner and under such circumstances as to show an utter disregard for the rights of others.

If you award punitive damages against the Defendants with respect to Mr. Brodeur's claim under § 1983, you should indicate on the Verdict Form the amount of punitive damages to be awarded, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.   The amount must not reflect bias, prejudice, or sympathy toward any party, but is to be an amount you believe necessary to fulfill the purposes of punitive damages, as I have described them.

The plaintiff is also seeking punitive damages for his State law battery claim.   You must simply determine whether or not punitive damages should be awarded for this claim; you need not determine an amount.   If you conclude that the plaintiff proved his State law battery claim and that punitive damages are appropriate, the Court will determine the amount

of punitive damages that should be awarded.

## PART IV: FINAL INSTRUCTIONS

You have now heard my instructions on the law.   I will now give you some final instructions before you begin your deliberations.

### A.    NOTE TAKING

You were permitted to take notes during the course of the trial.   Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence.   If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.   Your notes are not evidence and should not be shared.

### B.    UNANIMOUS VERDICT

Your verdict must be unanimous and represent the considered judgment of each juror.   Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors.   It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.   Until the verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so.   However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not a partisan.   Rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

C.    FOREPERSON

When you return to the jury room, you should first elect one person to act as your foreperson.   The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court.   He or she will send out any notes, and when the jury has reached its verdict, he or she will notify the marshal that the jury has reached its verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the marshal, who will escort you.   No deliberations may take place without all jurors being present.   Further, if at any time a juror is in the bathroom facilities, the other jurors must cease deliberations and not resume deliberations until all jurors are present.   You will not have your cell phones while you deliberate.

Finally, you are prohibited from conducting any outside research on the case.   As I have told you repeatedly, you, as jurors, must decide this case based solely on the evidence presented within the four walls of the courtroom.   You must not conduct any independent research, or search social media about this case, the matters in this case, and the parties involved in this case.   In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.   Do not try to find out information

from any source outside the confines of the courtroom.

Although you regularly use cell phones, smart phones, tablets, computers, the internet and other tools of technology, you must not talk to anyone about this case, or use these tools to conduct research or to communicate electronically with anyone about this case. That includes your family and friends.   You may not communicate with anyone about this case on your smart phone, cell phone, through email, text messaging, instant messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking web sites.

D.    VERDICT FORM

A Verdict Form has been prepared for your convenience.   Focusing on the questions set forth in the Verdict Form will assist you in your deliberations.   I want to caution you now to take your time when completing the Verdict Form.   Let me ask you to look at them now, and I will walk through them briefly with you.   As you can see, the form consists of a series of questions.   Each question calls on you either to check "yes" or "no" or to write in a monetary amount.   Answer each question as it appears and only those questions.   As you review the form, you will see that there are instructions in italicized type.   Please read these instructions and follow them carefully.   Depending on your answer to a particular question, it may not be necessary to answer a later question.   Finally, be consistent in your responses.

You must complete, and return the Verdict Form in court, when you have reached a unanimous agreement as to your verdict.   You will have the original Verdict Form in the deliberation room.   You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous.   When you have reached

31

unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the Verdict Form.   If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response.   Instead, please request a new Verdict Form, so that the Verdict Form that is submitted is error-free.   Then inform the court marshal or clerk that you have reached your verdict.   The Verdict Form must be used only in connection with the charge I have just given to you.   The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

E.    FINAL INSTRUCTIONS

Shortly after you go into the jury room, the exhibits will be released to you.   Do not begin your deliberations until the Courtroom Deputy releases the exhibits.   Do not even elect a foreperson until the exhibits are released, as it is very important that your deliberations are entirely private and without interruption.

In the jury room, you will have exhibits with you but you will not have a transcript of the testimony.   If you need to have testimony read back to you, we will do so.   However, please understand that it is difficult and time-consuming to locate and read back testimony. If you nevertheless require a read-back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to the marshal or clerk.   I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

32

I also must caution you that in your communications with the Court you should never reveal your numerical division at any time.   If you are divided, do not report how the vote stands, and if you have reached your verdict, do not report what it is until you are asked in open court.

A note about timing.   We ordinarily end our trial day at 4:00 p. m.   But that is not a constraint on your deliberations, and you should certainly not rush to meet any deadline. You may choose, if you find it necessary, to deliberate past 4:00 p. m.   You may also choose to break at 4:00 p. m. and resume deliberations on Monday.   It is your decision.   Whatever you decide, we will be here.

It is proper to add a final caution.   Nothing that I have said in these instructions— and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.   What the verdict shall be is your exclusive duty and responsibility.

Members of the jury, that concludes my instructions to you.   Thank you for your patience and attention.

\*       \*       \*       \*       \*       \*

Members of the jury, you may now retire.   The marshal will escort you to the jury room where you will begin your deliberations.